UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONNE RANDOLPH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ANDRE MATEVOUSIAN, Warden,<br><br>　　　　Respondent. | No. 1:16-cv-01836-AWI-SKO  HC<br><br>**FINDINGS AND RECEOMMENDATION TO DISMISS HABEAS PETITION FOR LACK OF HABEAS JURISDICTION** |

### Screening Memorandum

Petitioner Devonne Randolph, a federal prisoner confined in the United States Penitentiary, Atwater, California, proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner contends that correctional officers violated his and other black prisoners' rights to due process by using narcotic identification kits ("NIK tests") on coffee-stained brown paper napkins to create false positive drug testing results to be used to convict black, but not white, prisoners of narcotics possession charges.  Petitioner moves that the court order controlled testing to resolve the resulting disciplinary actions.

**I.**　**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the

1

Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II.     Petitioner's Claim is Properly Brought in a Civil Rights Complaint (*Bivens*[1])

Challenges to the conditions of federal prison life are properly brought in a civil rights under 42 U.S.C. § 1983 or in a *Bivens* action. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991). A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2241. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973). *See also Nettles v. Grounds*, 788 F.3d 992, 1004 (9th Cir. 2015).

Although Petitioner apparently has been convicted of narcotics possession using a false positive NIK test as evidence, the petition does not seek relief from any penalty imposed as a result of a disciplinary action. Instead, Petitioner seeks a court order for controlled testing to resolve whether NIK tests of coffee-stained brown napkins produce test results that falsely indicate the presence of narcotics. His claim is properly advanced in a civil rights complaint pursuant to *Bivens*, not in a habeas petition. Accordingly, the undersigned recommends that the Court dismiss the petition without prejudice to Petitioner's realleging his claim in a civil rights action.

///

///

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2

**III.  Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B)  the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate

///

"something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to advance his alleged claims in an action for writ of habeas corpus to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court should decline to issue a certificate of appealability.

### IV.     Conclusion and Recommendation

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus without prejudice to Petitioner's advancing his claim in a complaint for civil rights relief and that the Court decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 28, 2016**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE