# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEVONNE RANDOLPH,

Petitioner,

v.

MATEVOUSIAN, Warden,

Respondent.

Case No. 1:16-cv-01836-AWI-SKO HC

FINDINGS AND RECOMMENDATION THAT THE COURT DISMISS THE CASE FOR FAILURE TO PROSECUTE

(Doc. 7)

On December 17, 2016, Petitioner Devonne Randolph, a federal prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 28, 2016, the Magistrate Judge issued findings and recommendations in which she recommended that the Court dismiss the petition for lack of jurisdiction. The findings and recommendations provided that Petitioner could file objections within thirty days.

On January 12, 2017, the findings and recommendations, which had been mailed to Plaintiff, were returned to the Clerk of Court as undeliverable. Local Rule 183 provides that "[i]f mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such Plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." While the sixty-three day penalty was running, Petitioner filled a new petition also denominated *Devonne Randolph v. Warden Matevousian* (No. 1:17-cv-00397-LJO-SKO) but bearing a slightly different mailing address that also purported to be that of the U.S. Penitentiary, Atwater, California. On March 22, 2017, the Clerk of Court re-served the findings and recommendations on Petitioner

///

1

using the revised address.  On April 18, 2017, the mail was again returned to the Court as undeliverable.

In the meantime, on April 17, 2017, in *Devonne Randolph v. Warden Matevousian* (No. 1:17-cv-00397-LJO-SKO), Petitioner filed a change of address to Lewisburg Federal Penitentiary, Lewisburg, Pennsylvania.  Petitioner did not file a change of address in the above-captioned case despite the warning set forth on change of address form that he must "file an original change of address in each of [his] open cases."  *See* Doc. 4, *Devonne Randolph v. Warden Matevousian* (No. 1:17-cv-00397-LJO-SKO).  As a result, the Court should dismiss the above-captioned case and allow the later case to proceed.

### **Conclusion and Recommendation**

Plaintiff having failed to advise the Court of a current address for over sixty-three days, the undersigned recommends that the Court dismiss the above-captioned case for failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __**April 25, 2017**__                              /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE

2